IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Joseph Bragna, Jr.,<br><br>Petitioner,<br><br>vs.<br><br>Charles L. Ryan, et al.,<br><br>Respondents. | No. CV 11-0552-PHX-FJM (DKD)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE FREDERICK J. MARTONE, U.S. DISTRICT JUDGE:

John Joseph Bragna, Jr. filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging his convictions pursuant to plea agreements for one count each of sexual conduct with a minor, attempted sexual contact with a minor, and attempted sexual abuse, and the trial court's imposition of an aggravated 15-year prison term, followed by lifetime probation. The victims of these offenses are two of Bragna's nieces. He raises three grounds for habeas relief: (1) the trial court violated his right to due process by sentencing him under A.R.S. § 13-604.01; (2) he received the ineffective assistance of counsel; and (3) his fifteen-year sentence for attempted sexual conduct and attempted sexual abuse violated his eighth amendment rights. Respondents contend that the claims arising out of his 2003 conviction should be dismissed as untimely filed. In addition, Respondents contend that the remaining grounds are procedurally barred. For the reasons stated below, the Court recommends that the petition be denied and dismissed with prejudice.

**BACKGROUND**

In the CR2003 plea agreement, Bragna agreed to plead guilty to one count of sexual conduct with a minor. He was notified of the range of sentence, with a maximum sentence of 1.875 years, and stipulated to as an additional term, that "[he] shall be placed on lifetime probation" (Doc. 10, Exh C). In the CR2004 plea agreement, Bragna agreed to plead guilty to attempted sexual conduct with a minor, and attempted sexual abuse. He was again notified of the range of sentences, with a possible maximum sentence of 15 years for the attempted sexual conduct offense. There was an additional stipulation that as to the attempted sexual abuse offense, that "[he] shall be placed on lifetime probation." (*Id.*, Exh D).

During the change of plea proceedings, Bragna admitted in CR2003 that he intentionally place his penis in the mouth of his niece, and that she was 17 years old at the time of the offense (*Id.*, Exh E). In CR2004, he admitted that he intentionally placed his penis in the mouth of another niece, who was 11 years old at the time of the offense. He also admitted that on that same occasion, he touched his niece's breast (*Id.*). In CR2003, the trial court placed Bragna on lifetime probation. In CR2004, the trial court imposed an aggravated 15-year term for the attempted sexual conduct with his 11-year-old niece, and lifetime probation for the attempted sexual abuse offense (*Id.*, Exh H). The trial court cited as aggravating circumstances that the offenses occurred on multiple occasions, involved two victims, that Bragna was in a position of trust with the victims, and that he caused emotional harm and trauma to them (*Id.*).

On July 14, 2004, Bragna filed a notice of post-conviction relief in CR2004. On May 4, 2005, Bragna filed a petition for post-conviction relief, challenging his 15-year prison sentence in CR2004, arguing for resentencing to a 10-year term according to *Blakely v. Washington*, 542 U.S. 296 (2004) (*Id.*, Exh L-N). On July 27, 2005, the trial court denied relief based upon Bragna's admission that the offenses occurred on multiple occasions and involved two victims, thereby complying with *Blakely* (*Id.*, Exh O). On September 13, 2006,

1 | the court of appeals denied review; on January 30, 2007, the supreme court denied review (*Id.*, Exh S, V).

On March 2, 2006, Bragna submitted a second petition for post-conviction relief, alleging ineffective assistance of counsel in his first post-conviction proceeding, along with claims in both CR2003 and CR2004 relating to the plea proceedings, the plea agreements, and the sentences imposed (*Id.*, Exh W). The trial court ruled that because a petition for review was pending on the original petition, the petition was timely filed. The trial court allowed the petition to proceed only with regard to the ineffective assistance claim (*Id.*, Exh X). On August 23, 2006, the trial court dismissed the second petition for post-conviction relief, finding that Bragna had failed to present a colorable claim (*Id.*, Exh AA). Bragna filed a petition for review (*Id.*, Exh BB).

On July 26, 2007, the court of appeals reversed the trial court in part, finding that Bragna's challenge to his lifetime probation in CR2003 presented a colorable claim because at the time he committed the offense Arizona law did not provide for lifetime probation for sexual conduct with a minor without regard to the victim's age (*Id.*, Exh EE). Upon a motion for reconsideration, the court of appeals ruled that at the time Bragna committed the offense in CR2004, Arizona law allowed the imposition of lifetime probation for sexual conduct with a minor under fourteen years of age (*Id.*, Exh GG). The supreme court denied review (*Id.*, Exh LL). On remand, the State agreed that Bragna needed to be resentenced in CR2003 to a period of probation of no greater than three years, to commence upon completion of his 15-year sentence in CR2004, and to be served concurrent with the lifetime probation imposed in CR2004 (*Id.*, Exh CCC). On June 20, 2008, the trial court so ordered (*Id.*, Exh MM).

On October 11, 2007, Bragna filed a Motion to Remove Community Supervision, which the trial court treated as a petition for post-conviction relief (*Id.*, Exh NN, OO). The State conceded that community supervision was not applicable, and the trial court amended the earlier minute entry to delete any reference to community supervision (*Id.*, Exh PP, QQ).

| | |
|---|---|
| 1 | On May 12, 2008, Bragna filed a fourth petition for post-conviction relief, challenging the sentences imposed under A.R.S. § 13-604.01 (*Id.*, Exh RR). The State argued the claim was precluded and without merit. As to the merits, the State contended that the version of the statute in effect when the offense was committed provided that anyone convicted of a dangerous crime against children in the second degree - which included an attempt - would be sentenced to a term of 5 to 15 years, or if probation was imposed, for any term up to the rest of a person's life (*Id.*, Exh SS). On August 1, 2008, the trial court summarily dismissed the petition for failure to present a colorable claim (*Id.*, Exh UU). On November 23, 2009, the court of appeals denied review; on April 1, 2010, the supreme court denied review (*Id.*, Exh YY, AAA). |

On March 24, 2011, Bragna filed a petition for writ of habeas corpus. In Ground One, Bragna contends that his due process rights were violated in both criminal cases as a result of the sentences imposed under A.R.S. § 13-604.01, because the statute was not mentioned in the plea agreement, and was not codified into law until after he was indicted. In Ground Two, he argues that counsel was ineffective for his failure to act as follows: (1) object to the presentation of perjured testimony to the grand jury; (2) discuss the presentence report with him; (3) argue the illegality of his sentence during sentencing; (4) object to specific improper actions taken by the State "calculated to produce a wrongful conviction" and sentence; and (5) object to the delayed initial appearance. In Ground Three, Bragna contends that his 15-year sentence imposed for a first offense violated the eighth amendment.

**DISCUSSION**

Timeliness

Respondents argue that the claims in Bragna's petition arising out of the CR2003 conviction are untimely. Bragna had 90 days from May 28, 2004, the date of sentencing, to file a Notice of Post-Conviction Relief under Arizona law. *See* Rule 32.4, Ariz. R. Crim. P. When he failed to do so, his conviction in that case became final on August 26, 2004. He was required to file his habeas petition challenging that conviction by August 26, 2005. His

- 4 -

petition, filed March 24, 2011, is therefore untimely. He is also not entitled to equitable tolling. The pursuance of his claims in CR2004 indicates that he was more than capable of filing a timely habeas petition with regard to CR2003. Respondents concede that the claims arising out of CR2004 are timely filed.

Procedural Bar

A state prisoner must exhaust his state remedies before petitioning for a writ of habeas corpus in federal court. 28 U.S.C. § 2254(b)(1) & (c); *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995); *McQueary v. Blodgett*, 924 F.2d 829, 833 (9th Cir. 1991). To properly exhaust state remedies, a petitioner must fairly present his claims to the state's highest court in a procedurally appropriate manner. *O'Sullivan v. Boerckel*, 526 U.S. 838, 839-846 (1999). In Arizona, a petitioner must fairly present his claims to the Arizona Court of Appeals by properly pursuing them through the state's direct appeal process or through appropriate post-conviction relief. *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999); *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994). A claim has been fairly presented if the petitioner has described both the operative facts and the federal legal theory on which the claim is based. *Bland v. Cal. Dep't of Corrections*, 20 F.3d 1469, 1472-73 (9th Cir.1994), *overruled on other grounds by Schell v. Witek*, 218 F.3d 1017, 1025 (9th Cir. 2000) (en banc); *Tamalini v. Stewart*, 249 F.3d 895, 898 -99 (9th Cir. 2001). The exhaustion requirement will not be met where the Petitioner fails to fairly present his claims. *Roettgen*, 33 F.3d at 38.

If a petition contains claims that were never fairly presented in state court, the federal court must determine whether state remedies remain available to the petitioner. *See Rose v. Lundy*, 455 U.S. 509, 519-20 (1982); *Harris v. Reed*, 489 U.S. 255, 268-270 (1989) (O'Connor, J., concurring). If remedies are available in state court, then the federal court may dismiss the petition without prejudice pending the exhaustion of state remedies. *Id.* However, if the court finds that the petitioner would have no state remedy were he to return to the state court, then his claims are considered procedurally defaulted. *Teague v. Lane*, 489 U.S. 288, 298-99 (1989); *White v. Lewis*, 874 F.2d 599, 602-605 (9th Cir. 1989). The federal

court may decline to consider these claims unless the petitioner can demonstrate that a miscarriage of justice would result, or establish cause for his noncompliance and actual prejudice. *See Schlup v. Delo*, 513 U.S. 298, 321 (1995); *Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991); *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986); *Wainwright v. Sykes*, 433 U.S. 72, 86 (1977); *United States v. Frady*, 456 U.S. 152, 167-68 (1982).

Further, a procedural default may occur when a Petitioner raises a claim in state court, but the state court finds the claim to be defaulted on procedural grounds. *Coleman*, 501 U.S. at 730-31. In such cases, federal habeas review is precluded if the state court opinion contains a plain statement clearly and expressly relying on a procedural ground "that is both 'independent' of the merits of the federal claim and an 'adequate' basis for the court's decision." *See Harris*, 489 U.S. at 260. A state procedural default ruling is "independent" unless application of the bar depends on an antecedent ruling on the merits of the federal claim. *See Ake v. Oklahoma*, 470 U.S. 68, 74-75 (1985); *Stewart v. Smith*, 536 U.S. 856 (2002). A state's application of the bar is "adequate" if it is "'strictly or regularly followed.'" *Johnson v. Mississippi*, 486 U.S. 578, 587 (1988) (quoting *Hathorn v. Lovorn*, 457 U.S. 255, 262-63 (1982)). In cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, just as in cases involving defaulted claims that were not fairly presented, federal habeas review of the claims is barred unless the prisoner can demonstrate a miscarriage of justice or cause and actual prejudice to excuse the default. *See Coleman*, 501 U.S. at 750-51.

In Ground One, Bragna contends that his due process rights were violated in both criminal cases as a result of the sentences imposed under A.R.S. § 13-604.01, because the statute was not mentioned in the plea agreement, and was not codified into law until after he was indicted. With regard to CR2003, even assuming he had timely filed this claim, this issue is moot because the Superior Court resentenced Bragna on July 20, 2008. In any event, he did not fairly present this claim in state court. In his first post-conviction petition, he argued a *Blakely* violation. In his second petition, his due process claim was made in the

context of an ineffective assistance claim, and was not framed as a federal challenge to the statute. In his fourth petition, he mentions the failure to cite A.R.S. § 13-604.01 in the plea agreement, but without a reference to due process. He also does not mention due process in his petition for review. His general mention of due process in the fourth petition, along with a litany of state and federal legal concepts, does not constitute a fair presentation. *Castillo v. McFadden*, 399 F.3d 993, 1002-3 (9th Cir. 2005). With regard to Bragna's assertion that A.R.S. § 13-604.01 was not in effect at the time of the indictments, he concedes in his second petition that it "was in [e]ffect at the time of the offense." *See* Doc. 10, Exh Z.

In Ground Two, Bragna argues that counsel was ineffective for the failure to act as follows: (1) object to the presentation of perjured testimony to the grand jury; (2) discuss the presentence report with him; (3) argue the illegality of his sentence during sentencing, when counsel knew he was being sentenced incorrectly; (4) object to specific improper actions taken by the State "calculated to produce a wrongful conviction" and sentence; and (5) object to the delayed initial appearance. Bragna did not present these particular claims of ineffective assistance in state court, and they therefore cannot form the basis for habeas relief in federal court. *Moormann v. Schriro*, 426 F.3d 1044, 1056 (9th Cir. 2005). In Bragna's second petition, he argued that counsel had been ineffective for failing to discover that the court had imposed an unauthorized sentence. That claim is different from the one he makes now: that counsel *knew* he was being sentenced incorrectly and did not object. Because he has not fairly presented his claims, he has not met the exhaustion requirement. *Roettgen*, 33 F.3d at 38.

In Ground Three, Bragna contends that his 15-year sentence imposed for a first offense violated the eighth amendment. He never argued in state court that his aggravated sentence was a violation of his eighth amendment rights. Therefore, he has not fairly presented this claim. Finally, Bragna has not demonstrated cause and prejudice to excuse the default. Bragna contends that the trial court sentenced him under A.R.S. § 13-604.01 to 15 years in prison on one count and lifetime probation on another count, even though the statute

was not cited in the plea agreement, and Bragna contends the statute did not authorize such sentences. Bragna can not claim prejudice for the lack of citation to the statute in the plea agreement, because, while represented by counsel, Bragna was notified of the possibility of both a 15-year sentence, and one of lifetime probation, by the explicit terms of the plea agreement. He also contends that A.R.S. § 13-604.01 did not apply to attempted sexual conduct with a minor and attempted sexual abuse in which the child was under the age of 15 years. He is referring to *State v. Gonzalez*, 216 Ariz. 11 (App. 2007), where the court of appeals held, *under a later version of the statute*, that the statute did not apply to attempted sexual conduct where the victim was under the age of twelve. *Id*. at 13-15. The statutory language at issue in the *Gonzalez* case did not exist in 1989-90, when Bragna committed the offenses to which he pleaded guilty in 2004. Therefore, he has not established any prejudice to excuse the default. *See Coleman*, 501 U.S. at 750-51.

**IT IS ORDERED granting** Respondents' Motion for Exemption from Redaction (Doc. 11).

**IT IS RECOMMENDED** that John Joseph Bragna's Petition for Writ of Habeas Corpus be **denied and dismissed with prejudice** (Doc. 1).

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **denied** because dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See*, 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report

and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Rule 72, Federal Rules of Civil Procedure.

DATED this 28th day of February, 2012.

_____
David K. Duncan
United States Magistrate Judge