**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| John Joseph Bragna, Jr., | ) | No. CV-11-0552-PHX-FJM |
| Petitioner, | ) | **ORDER** |
| vs. | ) | |
| Charles L. Ryan, et al., | ) | |
| Respondents. | ) | |

The court has before it petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (doc. 1), respondents' response (doc. 10), and petitioner's reply (doc. 12). We also have before us the Report and Recommendation of the United States Magistrate Judge recommending that the petition be denied and dismissed with prejudice (doc. 13), petitioner's objections (doc. 16), respondents' response (doc. 17), and petitioner's reply (doc. 18).

On October 7, 2003, petitioner was indicted on four counts of sexual conduct with a minor fourteen years of age or over, all class 3 felonies ("CR2003"). On March 3, 2004 petitioner was indicted on one count of sexual conduct with a minor under the age of fifteen, a class 2 felony, and one count of sexual abuse of a minor under the age of fifteen, a class 3 felony ("CR2004"). On April 27, 2004, petitioner pled guilty in CR2003 to one count of sexual conduct with a minor, a class 6 undesignated felony, and in CR2004 to attempted sexual conduct with a minor, a class 3 felony and a dangerous crime against children in the

second degree ("Count 1"), and attempted sexual abuse, a class 4 felony ("Count 2").

In CR2003, the trial court placed petitioner on lifetime probation. In CR2004, the trial court imposed an aggravated 15-year term of imprisonment for Count 1, and lifetime probation for Count 2. Between May 2005 and May 2008, petitioner filed four petitions for post-conviction relief in state court.

Petitioner now raises three ground for habeas relief arising out of his guilty pleas. In Ground 1, he argues that the trial court violated his right to due process by sentencing him under A.R.S. § 13-604.01, because the statute was not mentioned in the plea agreement, and was not codified into law until after he was indicted. We first conclude that petitioner's claims related to CR2003 are barred by the Antiterrorism and Effective Death Penalty Act's one-year statute of limitations. See 28 U.S.C. § 2244(d)(1). The statute of limitations with respect to CR2003 expired on August 26, 2005. The habeas petition was not filed until March 24, 2011. Therefore, petitioner's claims related to CR2003 are barred.

In addition, both claims presented in Ground 1 are procedurally barred for failure to exhaust state remedies because petitioner did not "fairly present" the constitutional due process claims in state court. Petitioner's use of the term "due process" without constitutional analysis is insufficient to fairly present a claim in state court. Duncan v. Henry, 513 U.S. 364, 366 (1995). We agree with the Magistrate Judge that even assuming that the CR2003 claim was timely, it is now moot because the state court resentenced petitioner from lifetime probation to a period of probation no greater than three years. Petitioner's claim that A.R.S. § 13-604.01 was not in effect at the time of his indictments is undermined by his acknowledgment in his second petition that it "was in [e]ffect at the time of the offense." (Doc. 10, ex. Z).

In Ground 2, petitioner argues that he received constitutionally ineffective assistance of counsel for trial counsel's failure to: (1) object to the presentation of perjured testimony to the grand jury, (2) discuss the presentence report with him, (3) argue the illegality of his sentence during sentencing, (4) object to specific improper actions taken by the State "calculated to produce a wrongful conviction" and sentence, and (5) object to the delayed

- 2 -

initial appearance. We agree with the Magistrate Judge that petitioner did not present these particular claims of ineffective assistance in state court, and therefore he has failed to exhaust these claims. Ineffective assistance claims "are not fungible." Hemmerle v. Schriro, 495 F.3d 1069, 1075 (9th Cir. 2007). Petitioner's presentation of an ineffective assistance claim on one theory did not fairly present the other claims now presented. Moormann v. Schriro, 426 F.3d 1044, 1056 (9th Cir. 2005). Consequently, all claims presented in Ground 2 are procedurally defaulted.

Petitioner's argument that Martinez v. Ryan, 132 S. Ct. 1309 (2012), serves to excuse his default is unavailing. The Court in Martinez held that where a claim for ineffective assistance of trial counsel cannot be raised on direct appeal, but must be presented in the first instance in an initial-review collateral proceeding, "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." Id. at 1315. The Court reasoned that, in these circumstances, "the collateral proceeding is in many ways the equivalent of a prisoner's direct appeal as to the ineffective-assistance claim." Id. at 1317.

Arizona law does not allow a claim for ineffective assistance of counsel to be raised on direct appeal. Id. at 1314. Instead, the claim must be raised in an initial-review collateral proceeding. Here, however, petitioner filed three successive petitions for post-conviction relief after the initial-review collateral proceeding, but he did not take the opportunity to present the state court with the ineffective assistance claims now asserted in Ground 2. Martinez presented his ineffective assistance of trial counsel claim to the state court in his second petition for post-conviction relief, but was barred for his counsel's failure to raise it in the first petition for post-conviction relief. Here, however, petitioner has failed to present his ineffective assistance of trial counsel claim to the state court at all. The narrow Martinez exception to Coleman v. Thompson, 501 U.S. 722, 111 S. Ct. 2546 (1991), would have applied here had petitioner presented the ineffective assistance of trial counsel claim to the state court in his second petition and had it denied for failure to raise it in his first petition. But not having presented it to the state court at all, he has failed to exhaust and the claim is

procedurally defaulted. Martinez does not save the claim because it applies only to ineffective assistance of counsel at the first state petition for post-conviction relief, not petitions 2, 3, and 4. Petitioner's failure to raise the claim in his successive state petitions does not qualify as cause to excuse procedural default under Coleman.

In Ground 3, petitioner contends that his 15-year sentence imposed for a first offense violated his Eighth Amendment rights. Although he complained about his 15-year sentence in state court, he never argued that the aggravated sentence violated his Eighth Amendment rights. Thus, the federal claim has not been fairly presented and is procedurally barred.

We agree with the Magistrate Judge that petitioner has not demonstrated either cause or prejudice to excuse the procedural default.

**IT IS ORDERED ACCEPTING** the recommended decision of the Magistrate Judge (doc. 13) and **DENYING AND DISMISSING** with prejudice the petition for writ of habeas corpus (doc. 1).

**IT IS FURTHER ORDERED** denying a certificate of appealability and leave to proceed *in forma pauperis* because the dismissal of the petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable.

DATED this 21st day of May, 2012.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge