1    **WO**

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                        FOR THE DISTRICT OF ARIZONA

8

9    John Joseph Bragna, Jr.,              )    No. CV-11-0552-PHX-FJM
                                           )
10                Petitioner,              )    **ORDER**
                                           )
11   vs.                                   )
                                           )
12                                         )
     Charles L. Ryan, et al.,              )
13                                         )
                  Respondents.             )
14                                         )
                                           )
15

16

17          The court has before it petitioner's petition for writ of habeas corpus pursuant to 28

18   U.S.C. § 2254 (doc. 1), respondents' response (doc. 10), and petitioner's reply (doc. 12). We

19   also have before us the Report and Recommendation of the United States Magistrate Judge

20   recommending that the petition be denied and dismissed with prejudice (doc. 13), petitioner's

21   objections (doc. 16), respondents' response (doc. 17), and petitioner's reply (doc. 18).

22          On October 7, 2003, petitioner was indicted on four counts of sexual conduct with a

23   minor fourteen years of age or over, all class 3 felonies ("CR2003"). On March 3, 2004

24   petitioner was indicted on one count of sexual conduct with a minor under the age of fifteen,

25   a class 2 felony, and one count of sexual abuse of a minor under the age of fifteen, a class 3

26   felony ("CR2004"). On April 27, 2004, petitioner pled guilty in CR2003 to one count of

27   sexual conduct with a minor, a class 6 undesignated felony, and in CR2004 to attempted

28   sexual conduct with a minor, a class 3 felony and a dangerous crime against children in the

1 second degree ("Count 1"), and attempted sexual abuse, a class 4 felony ("Count 2").

2      In CR2003, the trial court placed petitioner on lifetime probation. In CR2004, the trial

3 court imposed an aggravated 15-year term of imprisonment for Count 1, and lifetime

4 probation for Count 2.  Between May 2005 and May 2008, petitioner filed four petitions for

5 post-conviction relief in state court.

6      Petitioner now raises three ground for habeas relief arising out of his guilty pleas.  In

7 Ground 1, he argues that the trial court violated his right to due process by sentencing him

8 under A.R.S. § 13-604.01, because the statute was not mentioned in the plea agreement, and

9 was not codified into law until after he was indicted.  We first conclude that petitioner's

10 claims related to CR2003 are barred by the Antiterrorism and Effective Death Penalty Act's

11 one-year statute of limitations.  See 28 U.S.C. § 2244(d)(1).  The statute of limitations with

12 respect to CR2003 expired on August 26, 2005.  The habeas petition was not filed until

13 March 24, 2011.  Therefore, petitioner's claims related to CR2003 are barred.

14      In addition, both claims presented in Ground 1 are procedurally barred for failure to

15 exhaust state remedies because petitioner did not "fairly present" the constitutional due

16 process claims in state court.   Petitioner's use of the term "due process" without

17 constitutional analysis is insufficient to fairly present a claim in state court.  Duncan v.

18 Henry, 513 U.S. 364, 366 (1995).  We agree with the Magistrate Judge that even assuming

19 that the CR2003 claim was timely, it is now moot because the state court resentenced

20 petitioner from lifetime probation to a period of probation no greater than three years.

21 Petitioner's claim that A.R.S. § 13-604.01 was not in effect at the time of his indictments is

22 undermined by his acknowledgment in his second petition that it "was in [e]ffect at the time

23 of the offense."  (Doc. 10, ex. Z).

24      In Ground 2, petitioner argues that he received constitutionally ineffective assistance

25 of counsel for trial counsel's failure to: (1) object to the presentation of perjured testimony

26 to the grand jury, (2) discuss the presentence report with him, (3) argue the illegality of his

27 sentence during sentencing, (4) object to specific improper actions taken by the State

28 "calculated to produce a wrongful conviction" and sentence, and (5) object to the delayed

- 2 -

1 initial appearance. We agree with the Magistrate Judge that petitioner did not present these

2 particular claims of ineffective assistance in state court, and therefore he has failed to exhaust

3 these claims. Ineffective assistance claims "are not fungible." Hemmerle v. Schriro, 495

4 F.3d 1069, 1075 (9th Cir. 2007). Petitioner's presentation of an ineffective assistance claim

5 on one theory did not fairly present the other claims now presented. Moormann v. Schriro,

6 426 F.3d 1044, 1056 (9th Cir. 2005). Consequently, all claims presented in Ground 2 are

7 procedurally defaulted.

8         Petitioner's argument that Martinez v. Ryan, 132 S. Ct. 1309 (2012), serves to excuse

9 his default is unavailing. The Court in Martinez held that where a claim for ineffective

10 assistance of trial counsel cannot be raised on direct appeal, but must be presented in the first

11 instance in an initial-review collateral proceeding, "[i]nadequate assistance of counsel at

12 initial-review collateral proceedings may establish cause for a prisoner's procedural default

13 of a claim of ineffective assistance at trial." Id. at 1315. The Court reasoned that, in these

14 circumstances, "the collateral proceeding is in many ways the equivalent of a prisoner's

15 direct appeal as to the ineffective-assistance claim." Id. at 1317.

16         Arizona law does not allow a claim for ineffective assistance of counsel to be raised

17 on direct appeal. Id. at 1314. Instead, the claim must be raised in an initial-review collateral

18 proceeding. Here, however, petitioner filed three successive petitions for post-conviction

19 relief after the initial-review collateral proceeding, but he did not take the opportunity to

20 present the state court with the ineffective assistance claims now asserted in Ground 2.

21 Martinez presented his ineffective assistance of trial counsel claim to the state court in his

22 second petition for post-conviction relief, but was barred for his counsel's failure to raise it

23 in the first petition for post-conviction relief. Here, however, petitioner has failed to present

24 his ineffective assistance of trial counsel claim to the state court at all. The narrow Martinez

25 exception to Coleman v. Thompson, 501 U.S. 722, 111 S. Ct. 2546 (1991), would have

26 applied here had petitioner presented the ineffective assistance of trial counsel claim to the

27 state court in his second petition and had it denied for failure to raise it in his first petition.

28 But not having presented it to the state court at all, he has failed to exhaust and the claim is

1   procedurally defaulted.   <u>Martinez</u> does not save the claim because it applies only to

2   ineffective assistance of counsel at the first state petition for post-conviction relief, not

3   petitions 2, 3, and 4.  Petitioner's failure to raise the claim in his successive state petitions

4   does not qualify as cause to excuse procedural default under <u>Coleman</u>.

5           In Ground 3, petitioner contends that his 15-year sentence imposed for a first offense

6   violated his Eighth Amendment rights.  Although he complained about his 15-year sentence

7   in state court, he never argued that the aggravated sentence violated his Eighth Amendment

8   rights.  Thus, the federal claim has not been fairly presented and is procedurally barred.

9           We agree with the Magistrate Judge that petitioner has not demonstrated either cause

10  or prejudice to excuse the procedural default.

11          **IT IS ORDERED ACCEPTING** the recommended decision of the Magistrate Judge

12  (doc. 13) and **DENYING AND DISMISSING** with prejudice the petition for writ of habeas

13  corpus (doc. 1).

14          **IT IS FURTHER ORDERED** denying a certificate of appealability and leave to

15  proceed *in forma pauperis* because the dismissal of the petition is justified by a plain

16  procedural bar and jurists of reason would not find the procedural ruling debatable.

17          DATED this 21st day of May, 2012.

18

19          _____

20          Frederick J. Martone
            United States District Judge

21

22

23

24

25

26

27

28